**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **BILLY RAY WILLIS,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| v. ) | Case No. 04-CV-644-TCK-SAJ |
| ) | |
| **RANDY PARKER, Warden,** ) | |
| ) | |
| **Respondent.** ) | |

**OPINION AND ORDER**

Before the Court is Petitioner's 28 U.S.C. § 2254 habeas corpus petition (Dkt. # 1). Petitioner, a state prisoner appearing *pro se*, also filed a supporting brief (Dkt. # 2). Respondent filed a response to the petition (Dkt. # 9) and provided the state court records necessary for resolution of Petitioner's claims (Dkt. #s 10, 11). Petitioner filed a reply (Dkt. # 12). For the reasons discussed below, the Court finds the petition shall be denied.

*BACKGROUND*

On October 19, 2002, Thomas Nave, a narcotics investigator for the District 10 Drug Task Force, and his partner, David Hinman, conducted an undercover drug purchase from Petitioner, Billy Ray Willis, at Petitioner's home in Pawnee, Oklahoma.[1] Officer Nave took the substance he purchased from Petitioner to the Pawnee Police Department where the substance field-tested positive

---

[1] Officer Nave made a prior controlled buy from Petitioner on October 9, 2002. The powdery substance purchased in that controlled buy field-tested positive for methamphetamine. When tested by OSBI, however, the powder purchased on October 9 did not contain a controlled substance. As a result, the criminal charge arising from the buy made October 9, 2002, was dismissed.

for methamphetamine. The drugs were then packaged and sealed in an evidence bag and eventually taken to the Oklahoma State Bureau of Investigation ("OSBI") for qualitative testing. The results of the OSBI testing conducted on the substance purchased from Petitioner on October 19, 2002, were positive for cocaine.

Based on those facts, Petitioner was charged, tried, and convicted at the conclusion of a bench trial, of Delivery of Cocaine (Count 2), after former conviction of four (4) felonies, in Pawnee County District Court, Case No. CF-2002-103. See Dkt. # 11 at 72. He was sentenced to fifteen (15) years imprisonment. Id.

Petitioner appealed his conviction and sentence to the Oklahoma Court of Criminal Appeals ("OCCA"). Represented by attorney Kimberly D. Heinze, Petitioner raised three (3) propositions of error on direct appeal:

> Proposition I:   The inadequate chain of custody and strong evidence that the alleged contraband evidence had been contaminated, altered, or tampered with, denied Mr. Willis of his right to due process and a fair trial.
>
> Proposition II:  The State's evidence was insufficient to support appellant's conviction for delivery of cocaine.
>
> Proposition III: The cumulative effect of all the errors addressed above deprived appellant of a fair trial.

(Dkt. # 9, Ex.A). In an unpublished summary opinion, filed July 12, 2004, in Case No. F-2003-533, the OCCA rejected Petitioner's claims and affirmed the Judgment and Sentence of the trial court (Dkt. # 9, Ex. C). Nothing in the record suggests that Petitioner sought a *writ of certiorari* from the United States Supreme Court. Petitioner did not seek post-conviction relief. See Dkt. # 1 at 2.

Petitioner filed the instant habeas corpus petition on August 18, 2004 (Dkt. # 1). In his

petition, Petitioner raises the same three (3) grounds of error raised on direct appeal.[2] In response to the petition, Respondent asserts that Petitioner is not entitled to habeas relief under 28 U.S.C. § 2254(d). See Dkt. # 9.

*ANALYSIS*

**A. Exhaustion/Evidentiary Hearing**

As a preliminary matter, the Court must determine whether Petitioner meets the exhaustion requirements of 28 U.S.C. § 2254(b) and (c). See Rose v. Lundy, 455 U.S. 509, 510 (1982). The Court finds that the exhaustion requirement of 28 U.S.C. § 2254(b) is satisfied in this case. In addition, the Court finds that Petitioner is not entitled to an evidentiary hearing. See Michael Williams v. Taylor, 529 U.S. 420 (2000).

**B. Claims adjudicated by the OCCA**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides the standard to be applied by federal courts reviewing constitutional claims brought by prisoners challenging state convictions. Under the AEDPA, when a state court has adjudicated a claim a petitioner may obtain federal habeas relief only if the state decision "was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." See 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 402 (2000); Neill v. Gibson, 278 F.3d 1044, 150-51 (10th Cir. 2001). When a state court applies the correct federal law to deny relief, a federal habeas court may consider only whether the

---

[2] Petitioner provided a copy of his direct appeal brief filed in the OCCA as his brief in support of his petition for writ of habeas corpus. See Dkt # 2; Dkt. # 9, Ex. A.

state court applied the federal law in an objectively reasonable manner. See Bell v. Cone, 535 U.S. 685, 699 (2002); Hooper v. Mullin, 314 F.3d 1162, 1169 (10th Cir. 2002). Furthermore, the "determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

As indicated above, Petitioner presented all of his claims to the OCCA on direct appeal. The OCCA considered, but rejected, each claim. See Dkt. # 9, Ex. C. Therefore, the § 2254(d) standard applies to this Court's analysis of Petitioner's claims presented on direct appeal. As an initial matter, the Court notes that Petitioner has failed to assert a basis for finding that the OCCA's rejection of any of these claims on direct appeal warrants issuance of the writ under 28 U.S.C. § 2254(d). His petition and supporting brief merely reiterate the assertions and arguments presented in his direct appeal brief.

### *1. Erroneous admission of evidence resulting from failure to establish chain of custody*

In ground one, Petitioner alleges that the State failed to establish an adequate chain of custody for the cocaine introduced as evidence at trial and that, as a result, the trial court erred in admitting the evidence. In resolving this claim on direct appeal, the OCCA cited Richards v. State, 569 P.2d 461 (Okla. Crim. App. 1977), and Contu v. State, 533 P.2d 1000 (Okla. Crim. App. 1975), and found as follows:

> the evidence was sealed and protected in a manner sufficient to assure the chain of custody. The State is not under the burden of negating absolutely any and all possibility of tampering or substitution while the evidence is in the custody and control of a law enforcement agency. When, as here, there is only speculation as to any tampering or alteration, the Court should admit the evidence and let that argument go to its weight, not the admissibility.

(Dkt. # 9, Ex. C at 1-2).

4

"Federal courts hold no supervisory authority over state judicial proceedings and may intervene only to correct wrongs of constitutional dimension." Smith v. Phillips, 455 U.S. 209, 221 (1982) (citations omitted). Evidentiary rulings by a state court cannot serve as the basis for habeas corpus relief unless the ruling rendered the petitioner's trial fundamentally unfair resulting in a violation of due process. Duckett v. Mullin, 306 F.3d 982, 999 (10th Cir. 2002); Fox v. Ward, 200 F.3d 1286, 1296-97 (10th Cir. 2000) (stating that to justify habeas relief, trial court's evidentiary error must be "so grossly prejudicial that it fatally infected the trial and denied the fundamental fairness that is the essence of due process"); Duvall v. Reynolds, 139 F.3d 768, 789 (10th Cir. 1998); Nichols v. Sullivan, 867 F.2d 1250, 1253 (10th Cir. 1989) (citing Brinlee v. Crisp, 608 F.2d 839, 850 (10th Cir. 1979)).

In this case, Petitioner argues that the trial court erred in admitting the cocaine into evidence because the State failed to demonstrate that the drug sample had not been altered or tampered with prior to being tested by the OSBI criminalist. Petitioner's challenge to the trial court's admission of the cocaine based only on state evidentiary law does not justify habeas corpus relief unless he demonstrates that his trial was rendered fundamentally unfair by the alleged error. Petitioner presents no additional evidence in this habeas action that the admission of this evidence rendered his trial fundamentally unfair. Furthermore, after reviewing the trial transcript, the Court cannot find that Petitioner's trial was rendered fundamentally unfair by the ruling admitting the cocaine. The drug task force officer involved in the controlled buy, Thomas Nave, described his handling of the evidence from the time he made the buy from Petitioner, see Dkt. # 11, Tr. Trans. at 24-25, until he personally delivered it to the OSBI lab, see id. at 27, 44. In addition, the OSBI criminalist, Christopher D. Bunner, described his handling of the evidence from the time OSBI received the

sealed evidence envelope from Nave, see id. at 49, until the evidence was tested and found to contain cocaine, see id. at 50-51. That testimony supports the OCCA's finding of fact that the evidence was sealed and protected in a manner sufficient to assure the chain of custody. As discussed above, that finding of fact is presumed to be correct unless Petitioner provides clear and convincing evidence to rebut the presumption. See 28 U.S.C. § 2254(e)(1). Petitioner has provided no evidence to rebut the presumption of correctness applicable to the OCCA's finding of fact that the chain of custody was assured. The Court concludes that Petitioner is not entitled to habeas corpus relief on his claim challenging the trial court's evidentiary ruling.

### *2. Insufficient evidence (ground two)*

As his second proposition of error, Petitioner argues that the evidence was insufficient to support his conviction for Delivery of Cocaine. On direct appeal, the OCCA rejected Petitioner's claim of insufficient evidence, finding that:

> after viewing the evidence in the light most favorable to the State and accepting all reasonable inferences and credibility choices that tend to support the verdict, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Spuehler v. State*, 1985 OK CR 132, 709 P.2d 202, 203-04.

Dkt. # 9, Ex. C at 2. Respondent asserts that the OCCA's decision was not contrary to, or an unreasonable application of, federal law (Dkt. # 9).

As stated above, a writ of habeas corpus will not be issued unless the state court's legal conclusions are "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or the state court's factual conclusions are "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," § 2254(d)(2). "[A] determination of a factual issue made by a State court shall be presumed to be correct." 28 U.S.C. § 2254(e)(1). Tenth Circuit

authority is divided as to "whether, under AEDPA, we review a sufficiency-of-the-evidence issue as a legal determination under 28 U.S.C. § 2254(d)(1) or a factual finding under § 2254(d)(2) and (e)(1)." Romano v. Gibson, 239 F.3d 1156, 1164 n. 2 (10th Cir. 2001); see also Dockins v. Hines, 374 F.3d 935, 939 (10th Cir. 2004); Torres v. Mullin, 317 F.3d 1145, 1151 (10th Cir. 2003). Under either standard, Petitioner's claim in this case fails.

In a habeas proceeding, this Court must review the sufficiency of the evidence "in the light most favorable to the prosecution" and ask whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). The Court does not weigh conflicting evidence or consider witness credibility. Wingfield v. Massie, 122 F.3d 1329, 1332 (10th Cir. 1997); Messer v. Roberts, 74 F.3d 1009, 1013 (10th Cir. 1996). This standard of review respects the fact-finder's responsibility to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from the testimony presented at trial. Jackson, 443 U.S. at 319. Under the AEDPA, the Court must decide whether the OCCA's decision that there was sufficient evidence to support a finding of guilt was contrary to or an unreasonable application of Jackson. See 28 U.S.C. § 2254(d)(1); Spears v. Mullin, 343 F.3d 1215, 1238-39 (10th Cir. 2003).

Applying this standard, this Court concludes that a rational trier of fact could have found Petitioner guilty beyond a reasonable doubt. Oklahoma law provides the substantive elements of unlawful delivery of a controlled dangerous substance applicable to the sufficiency of the evidence standard. Spears, 343 F.3d at 1238; see also Jackson, 443 U.S. at 324 n. 16. Under Oklahoma law, it is a felony for any person to distribute a "controlled dangerous substance." See Okla. Stat. tit. 63, § 2-401 (2001). After viewing the evidence presented during Petitioner's bench trial in the light most

favorable to the prosecution, the Court finds that the fact-finder could reasonably have found beyond a reasonable doubt that Petitioner was guilty of the unlawful delivery of cocaine, a controlled dangerous substance. During Petitioner's trial, Officer Nave testified that on October 19, 2002, he and his Drug Task Force partner, David Hinman, went to Petitioner's house for the purpose of conducting a controlled buy. See Dkt. # 11, Tr. Trans. at 16-17. Petitioner was "suspicious" and patted him down. Id. at 20. After finding no wire or badge, Petitioner took a folded-up piece of paper out of the front of his pants, put a small amount of a powdery substance in a clear baggie, tore the corner off and gave it to him. Id. at 23. Officer Nave laid $25 on the counter within Petitioner's reach. Id. at 24. He then took the drugs purchased from Petitioner to the Pawnee Police Department where they field-tested positive for methamphetamine. Id. at 25. The OSBI chemist who performed qualitative testing on the same drug sample, testified that the sample tested positive for cocaine. Id. at 51. He also testified that it is not uncommon for his test to not match the field test. Id. The Court recognizes that Petitioner testified at trial that he had no involvement in the drug transaction described by Officer Nave on October 19, 2002. See Dkt. # 11, Tr. Trans. at 63-64. However, as discussed above, the Court does not weigh conflicting evidence or consider witness credibility in resolving a challenge to the sufficiency of the evidence. Wingfield v. Massie, 122 F.3d 1329, 1332 (10th Cir. 1997); Messer v. Roberts, 74 F.3d 1009, 1013 (10th Cir. 1996). After viewing the evidence as a whole, and in the light most favorable to the prosecution, the Court concludes that the evidence cited above was sufficient to allow a rational trier of fact to have found the essential elements of Delivery of Cocaine beyond a reasonable doubt. As a result, the OCCA's resolution of Petitioner's challenge to the sufficiency of the evidence was not contrary to or an unreasonable application of federal law, 28 U.S.C. § 2254(d)(1), or an unreasonable determination of the facts,

28 U.S.C. § 2254(d)(2). See Dockins, 374 F.3d at 939 (recognizing that the Tenth Circuit has not clearly settled whether sufficiency of the evidence on habeas review presents a question of law or fact). Habeas corpus relief should be denied on this claim.

### *3. Cumulative error (ground three)*

As his third proposition of error, Petitioner complains that he was denied a fair trial as a result of cumulative error. The OCCA rejected Petitioner's claim on direct appeal, citing Neill v. State, 943 P.2d 145, 150 (Okla. Crim. App. 1997), and finding that "[b]ased upon the failure of propositions one and two, proposition three is without merit." Dkt. # 9, Ex. C.

The Tenth Circuit Court of Appeals has repeatedly held that cumulative error analysis is applicable only where there are two or more actual errors. Workman v. Mullin, 342 F.3d 1100, 1116 (10th Cir. 2003). Cumulative impact of non-errors is not part of the analysis. Le v. Mullin, 311 F.3d 1002, 1023 (10th Cir. 2002) (citing United States v. Rivera, 900 F.2d 1462, 1471 (10th Cir. 1990)). Having rejected each of Petitioner's claims, the Court finds no basis for a cumulative error analysis. Petitioner is not entitled to relief on this ground.

## *CONCLUSION*

After careful review of the record in this case, the Court concludes that the Petitioner has not established that he is in custody in violation of the Constitution or laws or treaties of the United States. His petition for writ of habeas corpus shall be denied.

9

**ACCORDINGLY, IT IS HEREBY ORDERED that** the petition for a writ of habeas corpus (Dkt. # 1) is **denied**. A separate Judgment shall be entered in this case.

**DATED** this 6th day of June, 2008.

*[Signature: Terence Kern]*

TERENCE KERN
UNITED STATES DISTRICT JUDGE